UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERESA CAMERANESI, et al.,

        Plaintiffs,

        v.

U.S. DEPARTMENT OF DEFENSE, et al.,

        Defendants.
_____/

No. C 12-0595 PJH

**ORDER**

This is an action for declaratory and injunctive relief brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiffs Theresa Cameranesi and Judith Liteky seek access to information regarding students and instructors at the Western Hemisphere Institute for Security Cooperation ("WHINSEC"), which is located at Fort Benning, Georgia, and is operated by defendants United States Department of Defense ("DOD") and United States Army Training and Doctrine Command ("TRADOC"). In response to plaintiffs' request, defendants provided some of the information, but also asserted that withholding of part of the information was proper under two FOIA Exemptions.

On April 22, 2013, the court issued an order granting plaintiffs' motion for summary judgment and denying defendants' motion for summary judgment. The court found that defendants had not established that withholding of the information was warranted under either of the claimed exemptions. The order also advised that if the parties understood the cross-motions to be seeking relief as to the sufficiency of defendants' search and/or the sufficiency of the production of records, they should so inform the court.

The court further directed the parties to meet and confer, and to submit a proposed form of judgment if they determined that the April 22, 2013 order fully adjudicated the issues presented by the FOIA request. Otherwise, the parties were directed to submit a status statement setting forth the remaining issues and a proposal for their resolution.

On June 20, 2013, defendants filed a notice of appeal of the April 22, 2013 order, notwithstanding that no final judgment has been issued in the case. On July 10, 2013, the parties filed a joint status statement, raising issues regarding the adequacy of defendants' search and response, the status of the case pending the filing of the notice of appeal, and whether the April 22, 2013 order applies to information regarding U.S. military personnel as well as foreign military personnel.

**DISCUSSION**

A.  Adequacy of Search/Response

Plaintiffs assert that it was not until July 8, 2013, that defendants first informed them that military unit information does not exist for some or all of the years in question (FY 2005-2010). Plaintiffs contend that the information regarding military units has always been specifically at issue, and that defendants have never before stated that they did not have this information.

Plaintiffs assert that military unit information is "key to the vetting process put in place under the Leahy Amendments," and thus for defendants to suggest that the government would not have tracked the military units from which individual attendees at WHINSEC are deployed is not plausible. Plaintiffs argue that any judgment issued by the court should direct defendants to disclose both names and military unit information for FY 2005-2010 "subject to any future enforcement or sanctions proceedings for its failure to comply."

In response, defendants note that plaintiffs' amended FOIA request was for records sufficient to learn the names, ranks, branches, countries of origin, lists of courses taken or taught, unit, and dates and years of attendance of students, instructors, and guest instructors at WHINSEC. They contend that the information released to plaintiffs had the

2

names redacted, but that the "units" were not redacted (in the sense that information regarding units did not appear as a category on the released documents). They claim that they never indicated that the unit information was subject to either of the asserted exemptions.

Defendants contend that they do not collect unit information because the students and instructors who attend WHINSEC do so as individuals, not as part of any military "unit," although WHINSEC does collect other information ("country," "branch," and "course"), which was produced to plaintiffs. Defendants claim that throughout the administrative process, they offered to make the WHINSEC Public Affairs Officer available for explanations of the released documents or for discussions of the categories of requested information. However, they assert, they never said that they collected unit information but would not disclose it.

Plaintiffs argue that defendants were aware that military unit information was part of the FOIA request, noting that the person who processed the administrative appeal on behalf of defendants, Anastasia Kakel, so acknowledged in her October 17, 2012 declaration filed with the court, as she stated that the disks defendants provided plaintiffs contained some information regarding WHINSEC students and instructors, but "not names or military unit information." This statement was followed by the statement that the government "asserted FOIA Exemption 6 as a basis for its partial denial of [p]laintiffs' request." Kakel Decl. ¶¶ 6-7. Plaintiffs argue that defendants were ordered to produce this information, and they should be required to do so. They assert that defendants "undoubtedly" collect this information in some form, even if it is not a category of information on defendants' disclosed spreadsheets.

This dispute, which appears to have arisen in part because of defendants' vague and ambiguous response to the request for military unit information, raises questions regarding whether defendants conducted an adequate search for the requested information. It also bears on the issue of the adequacy of defendants' response to the FOIA request.

An agency bears the burden of demonstrating that it has conducted an adequate search for responsive documents. Zemansky v. United States Environmental Protection Agency, 767 F.2d 569, 571 (9th Cir. 1985). An agency must search for documents in good faith, using methods that are reasonably expected to produce the requested information. Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999). Nevertheless, the agency need not search every record in the system or conduct a perfect search. See SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991); Meeropol v. Meese, 790 F.2d 942, 952-56 (D.C. Cir. 1986). Nor does the agency need to produce a document if "the agency is no longer in possession of the document[ ] for a reason that is not itself suspect." SafeCard Servs., 926 F.2d at 1201.

Here, the record shows that plaintiffs submitted their FOIA request, then subsequently amended it; that defendants responded with some of the requested information, but also stated that "portions of the records have been redacted," and that they were withholding "personal information" pursuant to FOIA Exemptions 3 and 6.

Plaintiffs submitted an administrative appeal of the decision to withhold the names. As for the other categories of requested information (ranks, branches, countries of origin, lists of courses taken or taught, dates and years of attendance), plaintiffs noted that ranks, branches, countries of origin, and dates/years of attendance were "sometimes disclosed and sometimes not," but that no explanation was provided for the non-disclosure. Plaintiffs also noted that information regarding military units was uniformly not disclosed, but again, without any stated reason. With regard to lists of courses, plaintiffs stated that some information was provided, but that it used abbreviated words and did not describe courses, and could therefore not be understood without a "guide." Nevertheless, plaintiffs did not specifically challenge the adequacy of the search.

In denying the appeal, the Department of the Army stated that it had withheld the names and other unspecified "personally identifying information" pursuant to FOIA Exemption 6, and also pursuant to FOIA Exemption 3 (not cited in original response by TRADOC). There was no specific response to the plaintiffs' argument that information

4

regarding ranks, branches, countries of origin, and dates/years of attendance was "sometimes disclosed and sometimes not," with no explanation for the non-disclosure; no response to the argument that information regarding military units was uniformly not disclosed, but again, with no stated reason; and no response to the argument that the information regarding courses taken/taught was not comprehensible without a "guide."

Plaintiffs then filed the present action for declaratory and injunctive relief. In the complaint, plaintiffs asserted a claim for violation of FOIA for failure to disclose names and military units of WHINSEC students and instructors. In their motion for summary judgment, plaintiffs argued that neither Exemption 3 nor Exemption 6 justifies withholding the names and military units of WHINSEC attendees. No mention was made regarding the adequacy of the search, in either the complaint or the plaintiffs' motion for summary judgment.

Plaintiffs eventually raised the issue of DOD's failure (in the administrative process) to explain the basis for the withholding of military unit information or other information that it sometimes produced and sometimes "withheld" (in plaintiffs' view), though it was not until plaintiffs' reply to defendants' opposition to plaintiffs' motion that plaintiffs actually raised this particular issue.

Plaintiffs argued that that DOD had "failed to comply with its statutory duty to segregate exempt from non-exempt information," and that the court should grant summary judgment in plaintiffs' favor on the issue of military unit information, and also the "sometimes withheld branch, rank, dates of attendance, country of origin or course information over which no claim of exemption has been made or established." However, this argument appeared to the court to be more about the adequacy of the response, than about the adequacy of the search.

It was in their reply to plaintiffs' opposition to defendants' motion that defendants stated that they had produced all information in their possession over which no claim of exemption had been made, and that any information other than names and military units that was not previously disclosed is not in their possession. In support, they attached the Supplemental Declaration of Anastasia Kekel.

Technically, the issue of the adequacy of the search was not administratively exhausted, as it was not raised in plaintiffs' appeal. On the other hand, it evidently was not clear to plaintiffs before they filed the present action that defendants were taking the position that they did not have access to military unit information and were thus unable to provide it. Plaintiffs want the court to order defendants to conduct the search required under prevailing law, and to either report back with a production of the information in whatever format exists, or to submit affidavits explaining in reasonable detail the search efforts undertaken to support the conclusion that no such information exists for FY 2005-2010.

In response, defendants contend that they did search for all the requested information, and did provide all the available, non-exempt, responsive data to plaintiffs (as shown by the Supplemental Kekel Declaration). Defendants assert that any issues plaintiff had with the manner in which the documents and data were produced could easily have been addressed by contacting defendants. Moreover, defendants argue, they were under no obligation to create or compile a new record to satisfy plaintiffs' FOIA request, as a record must exist and be in the possession and control of the Department of the Army at the time of the request to be considered subject to FOIA.

With regard to the issue of the release of military unit information, defendants' current position – that they do not collect "unit" information – appears somewhat disingenuous, given that plaintiffs' briefing on the cross-motions revolved around whether defendants could withhold the names and military units under Exemptions 3 and 6. Defendants' partial denial of plaintiffs' request stated that they were withholding "personal information," which certainly suggested both names and military units. In their appeal, plaintiffs argued against the application of Exemptions 3 and 6, and in a separate argument, contended that it was improper for defendants to withhold all information about military units (suggesting that plaintiffs did not view military units as personal information). In the denial of the appeal, defendants again referred to the withholding of "personal information" but did not respond separately to the argument about withholding of unit

information (suggesting that defendants did view military units as personal information).

Thus, even though the court is ordinarily precluded from ruling on an issue that has not been administratively exhausted, in this case the court finds that the question of the adequacy of the search should be addressed in further cross-motions for summary judgment. Plaintiffs did raise the issue of the adequacy of the response in the appeal, but defendants did not clearly respond, and plaintiffs did not further pursue it. Thus, that too should be addressed in the cross-motions.

Defendants must do more than simply submit a declaration stating that "we do not collect unit information." In determining the adequacy of a search for documents that are responsive to a FOIA request,

> the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

Zemansky, 767 F.2d at 571 (quoting Weisberg v. United States Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); see also Meeropol, 790 F.2d at 952-53; Moore v. Aspin, 916 F.Supp. 32, 35 (D.D.C. 1996).

To prevail on summary judgment, "the agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." Nation Magazine, Wash. Bureau v. U.S. Customs Serv., 71 F.3d 885, 890 (D.C. Cir. 1995) (internal quotations and citations omitted). In order to demonstrate reasonableness, the agency must set forth sufficient information in affidavits for the court to determine, based on the facts of the case, that the search was reasonable. Id. The declarations provided by defendants in this case are insufficient to meet this standard.

While an agency's affidavits are presumed to be in good faith, a plaintiff can rebut this presumption with evidence of bad faith. SafeCard Servs., 926 F.2d at 1200. But such evidence cannot be comprised of "purely speculative claims about the existence and discoverability of other documents." Id. If the record raises substantial doubts regarding

7

the agency's efforts, "particularly in view of well defined requests and positive indications of overlooked materials," summary judgment is not appropriate. Valencia-Lucena, 180 F.3d at 326 (quotations and citations omitted); see also Ramstack v. Department of Army, 607 F.Supp. 2d 94, 105-06 (D.D.C. 2009).

As for the court's review of defendants' response to the FOIA request, the general standard is that an agency has the burden of justifying nondisclosure, and the court must ascertain whether the agency has sustained its burden of demonstrating that the documents requested are exempt from disclosure under FOIA and that the agency has adequately segregated exempt from non-exempt materials. 5 U.S.C. § 552(a)(4)(B); Al-Fayed v. CIA, 254 F.3d 300, 305 (D.C. Cir. 2001); Summers v. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998). An agency may meet its burden by providing the requester with a Vaughn index, adequately describing each withheld document and explaining the reason for the withholding. Summers, 140 F.3d at 1080; King v. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987).

Thus, while in this case the issues of the adequacy of the search and the adequacy of the response have been somewhat conflated in the parties' analysis, they are two distinct issues, which must be further fleshed out in cross-motions for summary judgment.

B.  Status of Case after Filing of Notice of Appeal

Plaintiffs assert that the final judgment in this case will be the appealable order – not the April 22, 2013 order ruling on the cross-motions – but they are concerned that defendants' filing the notice of appeal nevertheless may necessitate some action by plaintiffs to preserve their right to seek attorney's fees. In the event that the April 22 order was appealable, plaintiffs request that the court enter an order that plaintiffs' failure to file a fee motion 14 days thereafter was excusable, and grant an extension for the filing of the fee application until 14 days after entry of judgment set out in a separate document.

In response, defendants agree that the court has not entered a final judgment in this case. They do not appear to oppose plaintiffs' request, and they state that when they filed the notice of appeal, they contacted plaintiffs' counsel to say that they understood no final

1 judgment had been entered, and that no motion for attorney's fees would be due until 14
2 days after entry of final judgment.

3 The only substantive order issued in the case – the April 22, 2013 order regarding
4 the cross-motions for summary judgment – is currently on appeal. In the court's view, that
5 order is not yet appealable because there is no final judgment. At this point, however, the
6 Ninth Circuit must make that determination. In any event, the court agrees with plaintiffs
7 that their motion for fees and costs will not be due until 14 days after the entry of final
8 judgment.

9 C.     Applicability of April 22, 2013 Order to U.S. Military Personnel

10 Defendants seek "clarification" of the scope of the April 22, 2013 order. They
11 contend that the order appears to largely address the question whether defendants are
12 entitled to withhold the names of foreign WHINSEC students/instructors.

13 In support, defendants cite several statements in the order, including the statement
14 that "plaintiffs do not seek actual 'files,' but rather a listing of names of students and
15 instructors, plus home countries, military units and classes. . . ," April 22, 2013 Order at
16 15:14-15 (emphasis added); the statement that "[p]laintiffs contend that the requested
17 information concerns professional activities engaged in by the foreign military students," id.
18 at 17:14-19 (emphasis added); and the statement that "defendants have not established
19 that the WHINSEC students and instructors have a substantial privacy interest in their
20 names and military units – in particular the international students and instructors," id. at
21 22:27-23:1.

22 Defendants also assert that it appears that the court made a distinction between the
23 privacy interests of U. S. military personnel and those of foreign military personnel (citing id.
24 at 19:4-5 (discussing Schoenman v. FBI, 575 F.Supp.2d 136, 160 (D.D.C. 2008) and Hiken
25 v. Dep't of Defense, 521 F.Supp.2d 1047, 1065 (N.D. Cal. 2007)).

26 In addition, defendants point out, plaintiffs did not allege or argue any human rights
27 abuses by U.S. military students or U.S. instructors in their public interest arguments in
28 their motion for summary judgment, but instead argued only that disclosure of the names

9

1 and military units of the WHINSEC instructors and students would allow the public to
2 determine whether the Secretary of State is properly carrying out his/her duty to withhold
3 U.S. assistance, including training assistance to foreign police or military units where there
4 is credible evidence of human rights abuses by those units.

5       Based on the above, defendants request that the court clarify whether it intended to
6 order defendants to release the names of the foreign WHINSEC students, instructors, and
7 guest instructors only, or all WHINSEC students, instructors, and guest instructors,
8 including U.S. military personnel.

9       In response, plaintiffs assert that defendants are attempting to persuade the court to
10 alter its April 22, 2013 order to exclude U.S. military personnel. Plaintiffs contend that
11 because the initial request included the names and military units of all students, instructors,
12 and guest instructors at WHINSEC for FY 2005-2010, without limitation as to country of
13 origin, and because the parties and the court did not distinguish between foreign
14 participants and U.S. participants, the court should find that no clarification is needed. If
15 the court is inclined to consider "clarifying" the order, plaintiffs argue that it should only be
16 done based on a noticed motion or following the pending appeal.

17       The FOIA request did not distinguish between American instructors and foreign
18 instructors; nor did it indicate that there are any WHINSEC students who are from the U.S.
19 military. Nevertheless, the arguments that the parties made in the cross-motions seemed
20 to the court to focus entirely on the foreign-born instructors and students.

21       Indeed, there was no discussion that could have applied only to U.S. military
22 personnel, other than the reference to 32 C.F.R. § 518.13(f)(2), which provides that U.S.
23 Army components "shall ordinarily withhold lists of names (including active duty military,
24 civilian employees, contractors, members of the National Guard and Reserves, and military
25 dependents) and other personally identifying information" including e-mail addresses and
26 home addresses; and the reference to the memorandum issued by the Secretary of
27 Defense, dated November 9, 2001, in which the Secretary stated that in light of the attacks
28 of September 11, 2001, all DOD components should ordinarily withhold lists of names and

10

other personally identifying details of personnel currently or recently assigned to a particular component, unit, organization or office within the DOD.

As the court noted in the April 22 order, plaintiffs' argument in favor of the release of this information relates to the need to allow the public to determine "whether the Secretary of State is properly carrying out his/her duty to withhold U.S. assistance, including training assistance, to foreign police or military units where there is credible evidence of human rights abuses by those units." April 22, 2013 order at 22. The order made clear that neither 32 C.F.R. § 518.13 nor the November 9, 2001 memorandum applied to foreign military personnel – just to U.S. military personnel. However, because the plaintiffs had not specifically argued that the information regarding U.S. military personnel should be released notwithstanding the DOD regulation and the November 9, 2001 memorandum, the court did not separately address or decide that issue in the order.

**CONCLUSION**

The court ordinarily permits each side in a civil action to file only one motion for summary judgment. In this case, however, the court finds that an additional set of cross-motions is warranted, assuming defendants are willing to withdraw their premature appeal. If defendants are not willing to withdraw the appeal, the matter will be stayed until a mandate has issued from the Ninth Circuit.[1]

No later than one week from the date of this order, the parties shall advise the court which option they intend to pursue. If they choose the first option, they shall stipulate to a briefing schedule, with the initial motion to be filed no later than 60 days from the date of this order. If they choose the second option, the court will conduct a status conference after the mandate has issued, for the purpose of setting a briefing schedule for the cross-motions.

---

[1] The court notes that on July 17, 2013, the Ninth Circuit posted a notice on its docket directing appellants/defendants to move for voluntary dismissal of the appeal no later than August 7, 2013, or show cause why it should not be dismissed for lack of jurisdiction. Further briefing was also suspended.

11

At a minimum, plaintiffs must specify what information they are seeking that was included in the FOIA request but which was not provided, and whether the request is for information relating to all WHINSEC instructors and students, or is limited to non-U.S. military personnel.  Plaintiffs must also clarify whether they are asserting that the search was inadequate, that the response was inadequate, or both.

Defendants must respond to these arguments in accordance with the standards set forth above.  Defendants may not re-argue the exemption issues that have already been determined.

The court will advise the parties if it finds that a hearing is necessary.  Once the court has ruled on these cross-motions, judgment will be entered.

**IT IS SO ORDERED.**

Dated: July 29, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge